1   MORGAN, LEWIS & BOCKIUS LLP
    ERIC MECKLEY, SBN 168181
2   KATHRYN M. NAZARIAN, SBN 259392
    One Market, Spear Street Tower
3   San Francisco, California 94105-1126
    Telephone:   415.442.1000
4   Facsimile:   415.442.1001
    emeckley@morganlewis.com
5   knazarian@morganlewis.com

6   Attorneys for Defendant
    ARAMARK UNIFORM & CAREER APPAREL, LLC
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ROBERT SANTIAGO, on behalf of            Case No. _____
    himself and all others similarly situated,
12  and on behalf of the general public,      **NOTICE OF REMOVAL OF ACTION**

13                                            [28 U.S.C. §§ 1331, 1441, 1446]
                   Plaintiffs,
14                                            Complaint filed:   July 20, 2012
          v.                                  Trial Date:        None
15
    ARAMARK UNIFORM AND CAREER
16  APPAREL, LLC, and DOES 1 through 10,
    inclusive,
17
                   Defendants.
18

19

20  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21        **PLEASE TAKE NOTICE** that Defendant ARAMARK Uniform & Career Apparel, LLC

22  (hereinafter "Defendant" or "AUCA"), by and through its counsel, hereby removes the above-

23  entitled action from the Superior Court of the State of California for the County of Alameda, to

24  this Court pursuant to 28 U.S.C. Sections 1331, 1441(a), (c), 1446, and 1453 based on the

25  following grounds:

26        1.       On July 20, 2012, Plaintiff Robert Santiago ("Plaintiff") filed a civil action in the

27  Superior Court of the State of California for the County of Alameda, entitled *Robert Santiago, on*

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

1    *behalf of himself and all others similarly situated, and on behalf of the general public vs.*

2    *ARAMARK Uniform and Career Apparel, LLC, and DOES 1 through 10, inclusive,* Case Number

3    RG 12640163 ("Complaint").  The Complaint alleges the following seven (7) causes of action:

4    (1) failure to provide premium pay for overtime hours worked (Labor Code Sections 510, 514,

5    1194, and 1198); (2) failure to pay all wages earned (Labor Code Sections 218.6, 1194, 1194.2);

6    (3) failure to provide accurate itemized wage statements (Labor Code Section 226); (4) failure to

7    provide meal periods (Labor Code Sections 226.7 and 512); (5) failure to authorize and permit

8    rest periods (Labor Code Sections 226.7); (6) unfair business practices (California Business and

9    Professions Code Sections 17200 *et seq.*); and (7) failure to pay wages upon termination (Labor

10   Code Sections 201-203).

11          2.      The Summons, Civil Case Cover Sheet, and Complaint were served upon the

12   registered agent for Defendant on July 26, 2012 via process server.  True and correct copies of the

13   Summons, Civil Case Cover Sheet and Complaint are attached hereto as **Exhibit 1**.

14          3.      On August 23, 2012, Defendant filed and served its Answer to Plaintiff's

15   Complaint ("Answer") in Alameda County Superior Court.  A true and correct copy of

16   Defendant's Answer is attached hereto as **Exhibit 2**.  The Summons, Civil Case Cover Sheet,

17   Complaint, and Answer constitute all process, pleadings and orders that have been filed in this

18   action to Defendant's knowledge.

19   **I.      REMOVAL IS PROPER BASED UPON FEDERAL QUESTION JURISDICTION**

20          4.      The district courts have original jurisdiction of all civil actions arising under the

21   Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  Any civil action brought in

22   a State Court of which the district courts of the United States have original jurisdiction, may be

23   removed by the defendant or defendants, to the district court of the United States for the district

24   and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

25          5.      Section 301 of the Labor Management Relations Act ("LMRA") provides in

26   pertinent part:  "Suits for violation of contracts between an employer and a labor organization

27   representing employees in an industry affecting commerce … may be brought in any district court

28   of the United States having jurisdiction of the parties, without reference to the amount in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23414688.3

NOTICE OF REMOVAL OF ACTION
Case No. TBD

1  controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).  The "pre-

2  emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation

3  of contracts between an employer and a labor organization." *Franchise Tax Bd. of Cal. v.*

4  *Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 23 (1983).  LMRA §

5  301 preemption furthers two important federal policies.  First, it ensures that the interpretation of

6  CBAs remains uniform, and independent of state law.  *Teamsters v. Lucas Flour Co.*, 369 U.S.

7  95, 103-04 (1962) (inconsistent interpretations would "inevitably exert a disruptive influence

8  upon both the negotiation and administration of collective bargaining agreements").  Second, the

9  complete preemption doctrine gives effect to the parties' mutual promise to resolve disputes

10  through the grievance-arbitration process and furthers the strong federal policy that labor disputes

11  "remain firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411

12  (1988).

13         6.      The district court has subject matter jurisdiction over -- and thus a defendant may

14  properly remove – any state law claim preempted by § 301.  *See Franchise Tax Board*, 463 U.S.

15  at 24 ("If a federal cause of action completely pre-empts a state cause of action any complaint that

16  comes within the scope of the federal cause of action necessarily 'arises under' federal law");

17  *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (if preempted, the "claim must either be

18  treated as a § 301 claim ... or dismissed").

19         7.      The broad preemptive sweep of § 301 is not limited to state law claims for breach

20  of contract.  If a plaintiff's claim is either grounded in the provisions of the CBA or requires

21  interpretation of the CBA, it is preempted.  *Lueck*, 471 U.S. at 210.

22              If the policies that animate § 301 are to be given their proper range ... the pre-
                emptive effect of § 301 must extend beyond suits alleging contract violations. ...
23              Thus, questions relating to what the parties to a labor agreement agreed, and what
                legal consequences were intended to flow from breaches of that agreement, must
24              be resolved by reference to uniform federal law, whether such questions arise in
                the context of a suit for breach of contract or in a suit alleging liability in tort.
25
   *Id.*, at 210-11 (quotations omitted).
26
           8.      A state law claim, even though not based on CBA-created rights, is also preempted
27
   under § 301 if it is "substantially dependent on analysis of a collective-bargaining agreement."
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23414688.3                                    3                    NOTICE OF REMOVAL OF ACTION
                                                                                  Case No. TBD

1  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). For example, in *Firestone v. Southern*

2  *Cal. Gas Co.*, 219 F.3d 1063, 1604 (9th Cir. 2000), the primary issue on appeal was whether the

3  plaintiff employee's claim for alleged overtime owed under California law was preempted by §

4  301. The employer had argued that the employee was exempt from overtime pursuant to Labor

5  Code § 514 because he was covered by a CBA that provided for "premium wage rates" for

6  overtime work. *Id.* The Ninth Circuit affirmed the district court's ruling finding that plaintiff's

7  claim was preempted by § 301. In affirming § 301 preemption, the Ninth Circuit held that

8  determining whether an employee was receiving a "premium wage rate" under a CBA was a

9  dispute that could not be resolved without interpretation of the parties' CBA. *Id.* at 1066.

10      9.    Under the well-established "artful pleading" doctrine, a plaintiff may not avoid the

11  sweeping preemptive effect of § 301 by omitting from the complaint any reference to the

12  applicable CBA or federal labor law. Instead, the district court must look beyond the face of the

13  complaint to determine whether the claims are either based on rights created by, or require an

14  interpretation of, a CBA. *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1049 (9th Cir. 1987)

15  ("if the complaint actually raises a section 301 claim on the collective bargaining agreement, even

16  though it is framed under state law, the claim is preempted"); *Young v. Anthony's Fish Grottos,*

17  *Inc.*, 830 F.2d 993, 997-98 (9th Cir. 1987) ("The district court … properly looked beyond the face

18  of the complaint to determine whether the contract claim was in fact a section 301 claim for

19  breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction").

20      A.    **Plaintiff's Claim for Failure to Pay Overtime Is Completely Preempted by §**

21  **301.**

22      10.    Defendant employed Plaintiff as a Commission Route Sales Representative

23  ("RSR") from approximately 2003 to August 2010. **Exhibit 1**, Complaint, ¶ 7.

24      11.    Plaintiff and the Commission Route Sales Representatives ("RSR") working out of

25  the Northern California locations identified in paragraph 13 of the Complaint are members of the

26  Teamsters Local Union No. 853, 624, and 315 (hereinafter referred to as the "Union").

27  Declaration of Dennis Slipakoff ("Slipakoff Decl.") Decl., ¶ 3. The wages, hours and working

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23414688.3    4    NOTICE OF REMOVAL OF ACTION
Case No. TBD

1   conditions of Plaintiff and the other Commission RSRs are and were governed by successive

2   collective bargaining agreements ("CBA") between Defendant and the Union.  Slipakoff Decl., ¶

3   3.  A true and correct copy of the Master Agreement between ARAMARK Uniform and Career

4   Apparel, LLC … -- Bay Area Routes and Teamsters Local Unions No. 853, 624 and 315

5   Effective November 1, 2003 through October 31, 2008 is attached to the Slipakoff Decl., ¶ 4 as

6   **Exhibit A**.  A true and correct copy of the Master Agreement between ARAMARK Uniform and

7   Career Apparel, LLC … -- Bay Area Routes and Teamsters Local Unions No. 853, 624 and 315

8   Effective November 1, 2008 through October 31, 2013 is attached to the Slipakoff Decl., ¶ 5 as

9   **Exhibit B**.

10          12.     California Industrial Welfare Commission ("IWC") Wage Order No. 6-2001

11  ("Wage Order 6") governs the "Laundry, Linen Supply, Dry Cleaning, and Dyeing Industries"

12  and is applicable to Defendant's California Commission RSRs.  Together, Labor Code § 514 and

13  Section 3(H) of the Wage Order provide a "collective bargaining exemption" to the normal

14  overtime pay requirements under California law.  Specifically, Section 514 and Section 3(H)

15  exempt from overtime employees who are covered by a valid collective bargaining agreement

16  that: (1) expressly provides for the wages, hours of work, and working conditions of the

17  employees; (2) provides a regular hourly rate of pay of at least 30 percent more than the state

18  minimum wage; and (3) provides premium wage rates for all overtime hours worked.  Labor

19  Code § 514; Wage Order No. 6, § 3(H).

20          13.     The CBAs that governed Plaintiff's wages, hours and working conditions during

21  his employment provided for both: (1) a regular hourly rate that is more than 30% more than the

22  California minimum wage; and (2) a premium wage rate for overtime hours worked.  *See*

23  Slipakoff Decl., ¶ 4, **Exhibit A**, Articles 8.2 and 11.2; Slipakoff Decl., ¶ 5, **Exhibit B**, Articles

24  8.2 and 11.2.

25          (a)     Article 8.2(a) provides Commission RSRs with a "Guaranteed Weekly

26                  Salary (including commissions)" of $675.00 per week.

27          (b)     Article 8.2(b) sets out the "Weekly Base Pay" of the Commission RSRs,

28                  which is dependent upon the length of time in the bargaining unit.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23414688.3                                          5

NOTICE OF REMOVAL OF ACTION
Case No. TBD

(c)  Article 8.2(c) sets out the "Weekly Commission" of the Commission RSRs, which is calculated as a percentage of all "Rental Volume."

(d)  Article 11.2(B) provides:

Commission Route Sales Representatives shall receive the Weekly Guaranteed Salary plus one and one-half (1-1/2) times the equivalent hourly rate as overtime premium for all hours worked in excess of forty (40) hours during the regular work week if the total exceeds weekly basis plus commissions due to be paid in the same week.

Commission Route Sales Representatives shall receive the greater of either their commission plus base paid pursuant to the relative provisions of this Agreement or the weekly guaranteed salary plus one and on half times (1 ½) the equivalent hourly rate for all hours worked in excess of forty (40) hours as overtime premium, whichever is greater.

*Id.*, ¶¶ 4-5, **Exhibits A-B**.

14.  Pursuant to Defendant's interpretation of the applicable language of the CBA, the compensation structure for Plaintiff and all other Commission RSRs satisfies the collective bargaining exemption to Labor Code § 514 and Wage Order No. 6, § 3(H) because it provides: (1) a regular rate of at least 30 percent more than the state minimum wage (the $675.00 Guaranteed Weekly Salary); and (2) a premium rate for all overtime hours worked (*the greater of either the commission plus base or the Weekly Guaranteed Salary plus one and one-half (1 ½) times the equivalent hourly rate for all hours worked in excess of forty (40), whichever is greater.* *Id.*, ¶¶ 4-5, **Exhibits A-B**, Articles 8.2 and 11.2.

15.  Plaintiff's overtime claim is premised on the allegation that Defendant failed to pay the overtime premium required by the Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Order. Complaint, ¶¶ 24-30. Although Plaintiff's Complaint does not contain either any direct reference to the collective bargaining exemption or any explicit reference to the CBA governing Plaintiff's employment and compensation, Plaintiff's Complaint clearly advances a different interpretation of the overtime requirements applicable to Plaintiff and Commission RSRs under the CBA. Plaintiff's Complaint does not articulate his interpretation of the CBA, but alleges that he and Commission RSRs did not receive hourly wages or premium wage rates as required by the Labor Code. *See* **Exhibit 1**, Complaint ¶¶11, 19(a), 19(b), 29.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23414688.3

6

NOTICE OF REMOVAL OF ACTION
Case No. TBD

16.    Plaintiff's claim for failure to pay overtime premium pay is preempted by § 301, because the resolution of this claim is substantially dependent upon, and requires an analysis and interpretation of, the CBA and, specifically, the meaning and interpretation of the language used in Articles 8.2 and 11.2 in order to resolve a dispute regarding the calculation of Plaintiff's and other Commission RSRs' rates of pay under the CBA. *See Firestone*, 219 F.3d at 1066-67. There is simply no way to determine the merits of Plaintiff's overtime claim without analyzing and interpreting the CBA to determine how Plaintiff's and other Commission RSRs' rates of pay are calculated under the CBA, whether Plaintiff and other Commission RSRs receive "premium rates of pay" within the meaning of the CBA and the applicable law, and whether the compensation structure in the CBA satisfies the section 514 collective bargaining exemption. *Id.*

**B.    Plaintiff's Claim for Failure to Pay All Wages Earned Is Completely Preempted by § 301.**

17.    Plaintiff's claim for failure to pay all wages earned is also preempted by § 301. This claim is premised upon the allegation that Defendant unilaterally provided after-the-fact discounts and pricing reductions that reduced the amount of commissions payable to Plaintiff and Commission RSRs. **Exhibit 1**, Complaint ¶¶12, 19(f), 34. The CBA provisions applicable to Plaintiff's claim specifically provide:

(a)    Article 8.2(c) sets out the "Weekly Commission" of the Commission RSRs, which is calculated as a percentage of all "Rental Volume."

(b)    Article 8.2(e) provides:

Ten percent (10%) commission shall be paid on the amount of lost rental item charges and damage charges on rental items collected by the Commission Route Sales Representatives.

(c)    Article 8.3 provides:

Direct Sales. A commission of ten percent (10%) shall be paid for prep charges and direct sales which the Commission Route Sales Representative sells and delivers. Sales to customers on a Commission Route Sales Representative's route by another employee or department within the Company will not be credited to a Route Sales Representative. Payment of direct sales commissions is conditioned upon collection of money from a C.O.D. account or a signed invoice from a customer with approved credit.

BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23414688.3

7

NOTICE OF REMOVAL OF ACTION
Case No. TBD

(d)     Article 8.5 provides:

New Business Commission.  A new business commission equal to 1 to 1 for new garment rental business and 3 to 1 for new non-garment rental business shall be paid to all Route Sales Representatives following 13 weeks of retention of the new business and will be paid on the average volume of the 13 weeks. New business is defined as a new account not serviced by the Employer for ninety days or a new item in a current account. One time sales and service charges included on invoices are not eligible for New Business Commission, but are included in a weekly volume. New Business Commission shall be paid three (3) pay periods after it is earned.

(e)     Article 9 "Shortages and Overages" provides:

9.1:  A new Route Sales Representative on a route will not be held financially responsible for C.O.D. or charge balances which existed on a route prior to the date he was assigned to such route.

9.2:  Charge account balances existing prior to the date the Route Sales Representative is notified an account has been changed to C.O.D. shall not be charged against the Route Sales Representative.

9.3: Route Sales Representative shall not be financially responsible for monies due on wholesale accounts except where the deliveries are to be made on a C.O.D. basis.  If the Employer requests a Route Sales Representative to deliver bundles to a specific customer on a C.O.D. basis, the Route Sales Representative shall then be responsible for the collected monies due for the delivered bundle or return the C.O.D. bundles back to the plant for credit.  The Route Sales Representative shall be given a receipt by the Employer for the C.O.D. money collected and remitted or the bundles returned.

Article 9.4: Route Sales Representatives are to be notified of all price changes and shortages of monies which are to be taken from their paycheck prior to the deduction from their paycheck.

Article 11.2: *See supra*, ¶ 13.

*See* Slipakoff Decl., ¶¶ 4-5, **Exhibits A-B,** Articles 8.2, 8.3, 8.5, 9.1-9.4 and 11.2.  The types of

transactions upon which commissions are payable, as well as the percentage of such

commissions; how commissions are credited to RSRs; pricing changes and deductions from

wages, and whether after-the-fact discounts and pricing reductions are intended to be reflected in

the revenues subject to commissions, are all questions that are central to the resolution of

Plaintiff's second cause of action, and are substantially dependent upon and may be resolved

solely and exclusively through interpreting these provisions of the CBA.  *See id.*

18.     Plaintiff's claim for failure to pay all wages earned is effectively a claim for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23414688.3

8

NOTICE OF REMOVAL OF ACTION
Case No. TBD

1   breach of the CBA and is also preempted by § 301 on that basis. *See Allis–Chalmers Corp. v.*

2   *Lueck*, 471 U.S. 202, 210 (1985) (claims for breach of a collective bargaining agreement must

3   either be brought under LMRA section 301 and resolved according to federal law or dismissed as

4   preempted); *see also United Steelworkers of America, AFL–CIO–CLC v. Rawson*, 495 U.S. 362,

5   368 (1990) ("any state-law cause of action for violation of collective-bargaining agreements is

6   entirely displaced by federal law under § 301"). The Division of Labor Standards Enforcement

7   specifically states that "[c]ommission computation is based upon the contract between the

8   employer and the employee." DLSE Enforcement Policies and Interpretations Manual § 34.3.

9   Here, the commission provisions are set out in the CBA. *See* Slipakoff Decl., ¶¶ 4-5, **Exhibits**

10   **A-B**, Articles 8.2, 8.3, 8.5, 9.1-9.4 and 11.2. Thus, Plaintiff's claim that Defendant's alleged

11   after-the-fact discounts and pricing reductions reduced the amount of commission payable to

12   Plaintiff and Commission RSRs is effectively a claim that Defendant breached the commission

13   provisions of the CBA, and is therefore preempted by § 301.

###     C.    Plaintiff's Claim for Failure to Provide Meal Periods Is Completely Preempted by § 301.

19.   Plaintiff's claim for failure to provide meal periods is also preempted by § 301.
This claim is premised upon the allegation that Defendant failed to provide Commission RSRs
with meal periods pursuant to Labor Code § 512. Complaint ¶¶43, 46. Labor Code § 512(e)-(f),
however, exempts from the meal period requirements certain employees, including "commercial
drivers", who are covered by a valid collective bargaining agreement that expressly provides for:
(1) the wages, hours of work, and working conditions of employees; (2) meal periods for those
employees; (3) final and binding arbitration of disputes concerning application of its meal period
provisions; (4) premium wage rates for all overtime hours worked; and (5) a regular hourly rate of
pay of at least 30 percent more than the state minimum wage. Labor Code § 512(e); *see also*
*Cardenas v. McLane Food Services, Inc.*, 796 F. Supp. 2d 1246, 1257 (C.D. Cal. 2011).

20.   The CBAs that governed Plaintiff's wages, hours and working conditions during
his employment provided for: (1) the wages, hours of work, and working conditions of
employees; (2) meal periods for those employees; (3) final and binding arbitration of disputes

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23414688.3

9

NOTICE OF REMOVAL OF ACTION
Case No. TBD

1  concerning application of its meal period provisions; (4) premium wage rates for all overtime

2  hours worked; and (5) a regular hourly rate of pay of at least 30 percent more than the state

3  minimum wage. *See* Slipakoff Decl. ¶¶ 4-5, **Exhibits A-B**, Articles 8, 11.1, 11.2, and 28.1(e).

4  Resolving the merits of Plaintiff's meal period claim requires an analysis and interpretation of,

5  and is substantially dependent upon, the CBA and, specifically, whether the CBA provides for

6  each of the requirements of Labor Code § 512(e), including providing meal periods. *See* e.g.,

7  *Firestone*, 219 F.3d at 1066-67.

8        21.    Plaintiff's claims for the failure to provide accurate itemized wage statements,

9  failure to pay wages upon termination, and for restitution under Section 17200 are entirely

10  derivative of and dependent upon the resolution of Plaintiff's claims for failure to pay overtime,

11  failure to pay all wages earned, and failure to provide meal periods, all of which are preempted by

12  § 301. Complaint ¶¶38-40, 55-64, 67-71.

13  ## II.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

14
15        22.    Because this Notice of Removal is filed within thirty days of service of the

16  Complaint upon Defendant, it is timely under 28 U.S.C. Section 1446(b). *See also* Fed. R. Civ.

Proc. 6(a)(6).

17        23.    As Plaintiff filed this action in the Superior Court of the State of California,

18
19  County of Alameda, removal to the United States District Court, Northern District of California,

is proper under 28 U.S.C. Section 1441(a).

20
21        24.    As required by 28 U.S.C. Section 1446(d), Defendant will provide notice of this

removal to Plaintiff through his attorneys of record.

22
23        25.    As required by 28 U.S.C. Section 1446(d), a copy of this Notice will be filed with

the Superior Court of the State of California, County of Alameda.

24
25        26.    Defendant has sought no similar relief.

      27.    If any question arises as to the propriety of the removal of this action, Defendant

26
27  requests the opportunity to present further briefing and additional evidence in support of its

position that this case is removable.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**WHEREFORE**, Defendant, desiring to remove this case to the United States District Court for the Northern District of California, prays that the filing of this Notice of Removal shall cause the removal of this action to this Court.

Dated:  August 24, 2012

MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY
KATHRYN M. NAZARIAN


By _Eric Meckley /KN_____
Eric Meckley
Attorneys for Defendant
ARAMARK Uniform & Career Apparel,
LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 23414688.3

11

NOTICE OF REMOVAL OF ACTION
Case No. TBD

# EXHIBIT 1

*10559331*

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
ALAMEDA COUNTY

JUL 2 0 2012

By Elisa Baños Exec. Off/Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ARAMARK UNIFORM AND CAREER APPAREL, LLC, and DOES 1
through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ROBERT SANTIAGO, on behalf of himself and all others similarly
situated, and on behalf of the general public,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Alameda County Superior Court 1225 Fallon Street, Oakland, CA 94612 | RG 12 640 163 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover (SBN 136080) KELLER GROVER LLP, 1965 Market St., San Francisco, CA (415)543-1305

| DATE: *(Fecha)* JUL 2 0 2012 Pat S. Sweeten | Clerk, by *(Secretario)* Elisa Baños | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

*10559335*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover (SBN 136080)<br>KELLER GROVER LLP<br>1965 Market Street<br>San Francisco, CA 94103<br>TELEPHONE NO.: (415)543-1305   FAX NO.: (415)543-7861<br>ATTORNEY FOR *(Name):* Plaintiff ROBERT SANTIAGO | **FILED**<br>ALAMEDA COUNTY<br><br>JUL 2 0 2012<br>*Oliva Barren* Exec off/Clerk<br>By |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

| CASE NAME:<br>SANTIAGO, et al. v. ARAMARK UNIFORM, et al. | |
|---|---|
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited   ☐ Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) |

CASE NUMBER:  RG 12 640 162   BY FAX

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 20, 2012
JADE BUTMAN
_____
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

*10559339*

**FILED**
ALAMEDA COUNTY

JUL 2 9 2012

~~Gina Ramio~~

By _____ ,Exec. Off/Clerk

1   Eric A. Grover, Esq. (SBN 136080)
    eagrover@kellergrover.com
2   Jade Butman, Esq. (SBN 235920)
    jbutman@kellergrover.com
3   **KELLER GROVER LLP**
4   1965 Market Street
    San Francisco, California  94103
5   Tel. (415) 543-1305; Fax (415) 543-7861

6
    Scot Bernstein, Esq. (SBN 94915)
7   swampadero@sbernsteinlaw.com
    **LAW OFFICES OF SCOT D. BERNSTEIN,**
8   **A PROFESSIONAL CORPORATION**
9   101 Parkshore Drive, Suite 100
    Folsom, California 95630
10  Tel. (916) 447-0100; Fax (916) 933-5533

11

12  Attorneys for Plaintiff
    ROBERT SANTIAGO
13

14                                                                      BY FAX

15          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

                **IN AND FOR THE COUNTY OF ALAMEDA**
16

17  ROBERT SANTIAGO, on behalf of himself    )   CASE NO.  12640163
18  and all others similarly situated, and on behalf )
    of the general public,                   )   **CLASS ACTION**
19                                           )
20          Plaintiffs,                      )   **COMPLAINT FOR UNPAID WAGES,**
                                             )   **DISGORGEMENT, RESTITUTION AND**
21      v.                                   )   **OTHER RELIEF BASED ON VIOLATIONS OF:**
                                             )
22  ARAMARK UNIFORM AND CAREER               )   1. **California Labor Code; and**
23  APPAREL, LLC,  and DOES 1 through 10,    )   2. **California Business and Professions**
    inclusive,                               )      **Code §§ 17200,** *et seq.*
24                                           )
            Defendants.                      )   **DEMAND FOR JURY TRIAL**
25                                           )
26

27

28

**CLASS ACTION COMPLAINT**

Plaintiff Robert Santiago ("Santiago" or "Plaintiff"), by and through his attorneys, alleges upon personal knowledge as to himself and the acts stated herein, and upon information and belief (based upon, *inter alia*, the investigation made by his attorneys) as to all other matters, as follows:

## I. NATURE OF THE CASE

1.    This is a class action, pursuant to Code of Civil Procedure § 382 and Business & Professions Code § 17200, *et seq.*, seeking remedies for (a) unpaid premium pay; (b) failure to pay all wages earned, including the minimum wage; (c) failure to provide required meal periods; (d) failure to authorize and permit required rest breaks; (e) civil penalties for failure to provide accurate, itemized wage statements; (f) waiting time penalties; (g) restitutionary relief; (h) injunctive and other equitable relief; and (i) reasonable attorneys' fees and costs.

2.    This Complaint asserts claims against Defendant Aramark Uniform and Career Apparel, LLC ("Defendant") for (a) violations of the California Labor Code and applicable Industrial Wage Commission ("IWC") Order; and (b) violation of the Unfair Competition Law ("UCL"), Business & Professions Code §§ 17200, *et seq.*

3.    This action is brought as a class action on behalf of all persons who, at any time during the four (4) year period immediately preceding the filing of this action up to and including the date this action is resolved, were employed by Defendant and classified as a "Commission Route Sales Representative" working out of Defendant's Novato, Ukiah, San Jose, Castroville, South San Francisco, Oakland, Concord or Hayward locations and were not paid properly for all hours worked, did not receive required meal periods and rest breaks, and did not receive accurate itemized wage statements. The Subclass consists of all class members who, as of the date this action is resolved, no longer are employed by Defendant, and who left Defendant's employment within the three (3) year period preceding the filing of this action and did not receive payment of all wages due upon termination of the employment relationship with Defendant.

///

2

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to Business & Professions Code § 17204 and Code of Civil Procedure § 410.10. This Court has personal jurisdiction over the parties because Plaintiff is, and at all times relevant hereto was, a resident of the State of California, and Defendant has systematically and continually conducted business throughout the State of California.

5. Venue is proper in this Court pursuant to Code of Civil Procedure § 395.5 because (a) Plaintiff performed part of his duties in Alameda County, (b) part of the obligations of the parties arises in Alameda County, (c) part of Defendant's liability arises in Alameda County, and (d) breaches by Defendant occurred in connection with work performed in Alameda County.

6. Plaintiff's individual claims are less than $75,000 and the claims of Plaintiff and the proposed class and Subclass are collectively less than $5,000,000, inclusive of penalties, interest, attorneys' fees and costs.

## III. THE PARTIES

7. At all relevant times, Plaintiff Robert Santiago was and is a resident of the State of California. Between approximately 2003 and August 2010, Plaintiff was employed by Defendant as a Commission Route Sales Representative at Defendant's Hayward depot. Plaintiff was not properly paid for all hours worked, received no premium pay for hours worked over 40 in a week, failed to receive proper meal periods and rest breaks and did not receive accurate and itemized wage statements. In addition, Plaintiff was not paid all wages due and owed to him at the time he left Defendant's employ.

8. Defendant Aramark Uniform and Career Apparel, LLC is a Delaware limited liability corporation conducting business throughout California, including the "Bay Area" and Alameda County. 9. Plaintiff is unaware of the true names and capacities of the Defendants sued as DOES 1 to 10, inclusive, and will seek leave to amend this Complaint to allege their true names and capacities once they are ascertained. Upon information and belief, Plaintiff makes all allegations contained in this Complaint against all Defendants, including Does 1 to10, inclusive.

///

3

CLASS ACTION COMPLAINT

## IV. FACTUAL BACKGROUND

10.   Defendant employs Commission Route Sales Representatives to travel to various locations throughout the Bay Area, including Alameda County, to pick up and deliver dirty and laundered garments and other products. Commission Route Sales Representatives, including Plaintiff, do not spend more than half of their time performing exempt sales work. In fact, they spend almost no time on sales work.

11.   Commission Route Sales Representatives, including Plaintiff, are paid what Defendant calls a "Weekly Commission" which consists of: (1) a percentage of the rental volume on their delivery route; (2) a percentage of the collected amount of lost rental item charges and damage charges on rental items; (3) a percentage of direct sales; (4) a "New Business Commission" on new rental business which is retained for 13 weeks or more; and (5) a nominal weekly base "salary" ranging from approximately $200 to approximately $325 based upon the employee's length of service. Although Commission Route Sales Representatives are guaranteed a weekly "salary" of no less than $675, this salary is rarely if ever paid because the percentages described above almost always exceed this amount. Defendant pays premium pay only if the guaranteed weekly salary plus the equivalent premium pay exceeds the Weekly Commission, but this almost never happens. In fact, Plaintiff is unaware of this ever happening. In short, Commission Route Sales Representatives do not receive hourly wages or premium pay.

12.   Commission Route Sales Representatives, including Plaintiff, regularly work in excess of 40 hours per week without the payment of premium pay and are subject to a common pressure to complete work in an insufficient amount of time that resulted in Defendant failing in its obligation to relieve Commission Route Sales Representatives, including Plaintiff, of all duty and permit them the opportunity to take an uninterrupted 30-minute meal period after no more than five (5) hours of work. Defendant had no second-meal period or rest break policy and no second meal periods or rest breaks were scheduled. In addition, purely for its own business purposes, Defendant would unilaterally provide customers with after-the-fact price breaks, free services and similar discounts that reduced the amount of commissions payable to Commission Route Sales Representatives, including Plaintiff, causing a loss of earned wages. Further, due to the practices of Defendant outlined above,

4

CLASS ACTION COMPLAINT

1  Commission Route Sales Representatives, including Plaintiff, received inaccurate wage statements and

2  were not paid all wages earned at the time of discharge.

3  **V.   CLASS ACTION ALLEGATIONS**

4      13.    Plaintiff brings this action individually and as a class action on behalf of:  All persons

5  who, at any time during the four (4) year period preceding the filing of the Complaint, up to and

6  including the date this action is resolved, were employed by Defendant as Commission Route Sales

7  Representatives working out of Defendant's Novato, Ukiah, San Jose, Castroville, South San

8  Francisco, Oakland, Concord or Hayward locations.

9      14.    The Subclass consists of all class members who, as of the date this action is resolved,

10  no longer are employed by Defendant, and who left Defendant's employment within the three (3) year

11  period preceding the filing of this action and did not receive payment of all wages due upon

12  termination of the employment relationship with Defendant.

13     15.    Plaintiff reserves the right to modify the definition of the class after further discovery.

14  This action is brought and may properly be maintained as a class action pursuant to Code of Civil

15  Procedure § 382 and the UCL.   This class action satisfies the numerosity, typicality, adequacy,

16  predominance and superiority requirements of those provisions.

17     16.    Numerosity of the Class.  The proposed class is so numerous that individual joinder of

18  all members is impractical under the circumstances of this case.  While the exact number of putative

19  class members is unknown to Plaintiff at this time and can only be ascertained after discovery directed

20  to Defendant, Plaintiff believes and therefore alleges that the proposed class consists of over 50

21  individuals.

22     17.    Typicality of Claims.  Plaintiff's claims are typical of the claims of the members of the

23  proposed class, and Plaintiff's interests are consistent with and not antagonistic to those of the other

24  class members whom he seeks to represent.  Plaintiff and all the proposed putative class members have

25  sustained damages and face irreparable harm arising out of Defendant's common course of conduct as

26  alleged herein.  The damages sustained by each member of proposed class were caused directly by

27  Defendant's wrongful conduct, as alleged herein.

28

5

CLASS ACTION COMPLAINT

18.   <u>Adequacy of Representation</u>.  Plaintiff will fairly and adequately protect the interests of the putative members of the class.  Plaintiff's claims are not antagonistic to those of the members of the proposed class.  Plaintiff has retained attorneys who are experienced in the prosecution of class actions, including wage and hour class actions, and Plaintiff intends to prosecute this action vigorously.

19.   <u>Community of Interest; Existence and Predominance of Common Questions of Law or Fact</u>.  Common questions of law and fact exist as to all members of the proposed class that predominate over any questions affecting only individual putative class members.  These common legal and factual questions, which do not vary among putative class members, and which may be determined without reference to the individual circumstances of any putative class member include, but are not limited to, the following:

(a)   Whether it was and is Defendant's standard and customary practice not to compensate their Commission Route Sales Representatives on an hourly basis;

(b)   Whether it was and is Defendant's standard and customary practice not to provide premium pay compensation to its Commission Route Sales Representatives;

(c)   Whether Defendant had and has a common policy and practice of, on the one hand, auto-deducting one (1) 30-minute unpaid meal period daily, while, on the other hand, pressuring Commission Route Sales Representatives to complete work in an insufficient amount of time, thereby resulting in a common policy and practice of failing in its obligation to relieve Commission Route Sales Representatives of all duty and permit them the opportunity to take an uninterrupted 30-minute meal period after no more than five (5) hours of work;

(d)   Whether Defendant had and has a common policy and practice of failing in its obligation to relieve Commission Route Sales Representatives of all duty and permit them the opportunity to take a second uninterrupted 30-minute meal period after no more than 10 hours of work;

(e)   Whether Defendant had and has a common policy and practice of failing to authorize and permit Commission Route Sales Representatives to take all of their required rest breaks;

6

(f)     Whether Defendant had and has a common policy and practice of, purely for its own business purposes, unilaterally providing customers with after-the-fact price breaks, free services and similar discounts that result in the reduction of the amount of commissions payable to Commission Route Sales Representatives, including Plaintiff, causing a loss of earned wages;

(g)     Whether Defendant violated Labor Code § 226 by failing to provide Commission Route Sales Representatives with accurate and itemized wage statements;

(h)     Whether Defendant violated Labor Code §§ 201-203 by failing to pay departing Commission Route Sales Representatives all wages due at the time of discharge or voluntary quit; and

(i)     Whether Defendant's conduct towards its Commission Route Sales Representatives constitutes one or more unfair or unlawful business practices in violation of California Business and Professions Code §§ 17200, *et seq.*

20.    <u>Superiority</u>.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual litigation of the claims of each putative class member is impracticable.  Even if every individual putative class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the court in which the individual litigation of the numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each putative class member.  Plaintiff anticipates no difficulty in the management of this action as a class action.

21.    The prosecution of separate actions by individual class members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

22.    The prosecution of individual actions by class members would establish inconsistent standards of conduct for Defendant.

7

CLASS ACTION COMPLAINT

23. Defendant has acted or refused to act in respects generally applicable to the members of the putative class, thereby making appropriate final and injunctive relief with regard to members of the putative class as a whole, as requested herein. Likewise, Defendant's conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

## FIRST CAUSE OF ACTION

### (Failure to Pay Premium Pay)

24. The preceding paragraphs of this Complaint are realleged and incorporated by reference.

25. Pursuant to Labor Code § 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission, or under conditions prohibited by the applicable IWC Wage Orders.

26. At all times herein relevant, §§ 510 and 514 of the Labor Code and the applicable regulations provided for the payment of premium pay for all hours worked over 40 hours in a work week.

27. Pursuant to Labor Code § 1194(a), a plaintiff may bring a civil action to recover amounts paid less than the required premium pay directly against the employer in plaintiff's name without first filing a claim with the Division of Labor Standards Enforcement.

28. At all times herein relevant, the applicable Labor Code, Code of Regulations and IWC Wage Order sections referenced herein applied to the employment of Plaintiff and the putative class members with Defendant.

29. Neither Plaintiff nor any member of the putative class received any premium pay wages as required by the applicable Labor Code, Code of Regulations and IWC Wage Order provisions.

30. Defendant owes Plaintiff and each putative class member unpaid premium pay wages pursuant to Labor Code §§ 1194 and 1198 and the applicable IWC Wage Order according to proof at trial for the three (3) year period preceding the filing of the Complaint up to and including the date this action is resolved.

8

**CLASS ACTION COMPLAINT**

31.     Plaintiff, individually and on behalf of others similarly situated (i.e., the members of the putative class), requests payment of all unpaid premium pay wages, according to proof, attorneys' fees, interest and costs pursuant to Labor Code § 1194(a), and any other applicable statutory penalties against Defendant, and each of them (including Does 1 to 10), in a sum as provided by the Labor Code and/or other statutes.

32.     Plaintiff and the putative class members also request relief as described below.

## SECOND CAUSE OF ACTION

### (Failure to Pay All Wages Earned)

33.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

34.     Defendant had a policy and practice of failing to pay Plaintiff and other putative class members for all hours worked by unilaterally providing customers with after-the-fact price breaks, free services and similar discounts that result in the reduction of the amount of commissions payable to Commission Route Sales Representatives, including Plaintiff, causing a loss of earned wages.

35.     Plaintiff seeks to recover all unpaid wages due to Plaintiff and other putative class members, as well as minimum wages and liquidated damages, if appropriate, and interest, under Labor Code §§ 218.6, 1194 and 1194.2, for the three (3) year period preceding the filing of the Complaint up to and including the date this action is resolved.

36.     Plaintiff and the putative class members also request relief as described below.

## THIRD CAUSE OF ACTION

### (Failure to Provide Accurate Itemized Wage Statements)

37.     The preceding paragraphs of this Complaint are realleged and incorporated by reference.

38.     As alleged above, during all or some portion of the proposed class period, Defendant violated Labor Code § 226 through its practice of failing to provide its Commission Route Sales Representatives, including Plaintiff and members of the proposed class, with complete and accurate itemized wage statements. Among other things, the wage statements provided by Defendant failed to

9

CLASS ACTION COMPLAINT

1    state accurately the total hours worked and the gross wages earned by each Commission Route Sales
2    Representatives, as required by Labor Code § 226(a)(1).

3        39.    Under Labor Code § 226(e), Plaintiff and members of the proposed class are entitled to
4    recover the greater of actual damages or $50 for the initial pay period in which a violation occurred
5    and $100 for each subsequent pay period in which Defendant failed to comply with the statute, up to a
6    maximum of $4,000 per employee for the applicable liability period prior to the filing of this
7    Complaint, up to and including the date this action is resolved.

8        40.    Under Labor Code § 226(g), Plaintiff is entitled to injunctive relief and an order of this
9    Court requiring Defendants to comply with all provisions of Labor Code § 226.  Plaintiff also is
10   entitled under Labor Code § 226(g) to an award of attorneys' fees and costs incurred in bringing this
11   action.

12       41.    Plaintiff and the putative class members also request relief as described below.

### FOURTH CAUSE OF ACTION

#### (Failure To Provide Meal Periods)

15       42.    The preceding paragraphs of this Complaint are realleged and incorporated by
16   reference.

17       43.    At all times herein relevant, Labor Code §§ 226.7 and 512 and the applicable IWC
18   Wage Order has provided that employers have an obligation to relieve Plaintiff and putative class
19   members of all duty and permit them the opportunity to take an uninterrupted 30-minute meal period
20   after no more than five (5) hours of work and an independent obligation to relieve Plaintiff and
21   putative class members of all duty and permit them the opportunity to take a second meal period after
22   no more than 10 hours of work.

23       44.    As alleged above, Defendant had and has a common policy and practice of, on the one
24   hand, auto-deducting one 30 minute unpaid meal period daily, while, on the other hand, pressuring
25   Plaintiff and putative class members to complete work in an insufficient amount of time, thereby
26   resulting in a common policy and practice of failing in its obligation to relieve Commission Route
27   Sales Representatives of all duty and permit them the opportunity to take an uninterrupted 30-minute
28   meal period after no more than five (5) hours of work.

10

CLASS ACTION COMPLAINT

45.   As alleged above, Defendant had and has a common policy and practice of failing in its obligation to relieve Commission Route Sales Representatives of all duty and permit them the opportunity to take a second uninterrupted 30-minute meal period after no more than 10 hours of work

46.   Because Defendant has failed in its obligation to relieve Plaintiff and putative class members of all duty and permit them the opportunity to take the meal periods they were and are entitled to,  Defendant is liable to Plaintiff and the putative class members for one (1) hour of additional pay at the regular rate of compensation for each workday that one or more proper meal periods were taken late or missed, pursuant to Labor Code §§ 226.7 and 512 and the applicable IWC Wage Order, for the applicable liability period prior to the filing of this Complaint, up to and including the date this action is resolved.

47.   Plaintiffs and members of the proposed class lost money as a direct result of Defendant's unlawful common policies and practices as alleged above.  Accordingly, Plaintiff and members of the proposed class are also entitled to restitution for each meal period that was not provided as required by law and to the waiting time penalties attached to those violations.

48.   Plaintiff and the putative class members also request relief as described below.

## FIFTH CAUSE OF ACTION

### (Failure To Authorize and Permit Rest Breaks)

49.   The preceding paragraphs of this Complaint are realleged and incorporated by reference.

50.   At all times herein relevant, Labor Code § 226.7 and the applicable IWC Wage Order has provided that an employer must authorize and permit rest breaks at the rate of 10 minutes net rest time for each four (4) hours of work or major fraction thereof.  Thus, employees working between six (6) and 10 hours are entitled to two (2) rest breaks and employees working between 10 and 14 hours per day are entitled to three (3) rest breaks.

51.  As alleged above, Defendant had and has a common policy and practice of failing to authorize and permit Commission Route Sales Representatives to take all of their required rest breaks.

52.   Because Defendant has failed to authorize and permit the required rest breaks, it is liable to Plaintiff and the members of putative class for one (1) hour of additional pay at the regular

11

CLASS ACTION COMPLAINT

1   rate of compensation for each workday that one or more proper rest periods were not authorized and
2   permitted, pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, for the applicable
3   liability period prior to the filing of this Complaint, up to and including the date this action is resolved.

4          53.    Plaintiffs and members of the proposed class lost money as a direct result of
5   Defendant's unlawful common policies and practices as alleged above.   Accordingly, Plaintiff and
6   members of the proposed class are also entitled to restitution for each rest break that was not provided
7   as required by law and to the waiting time penalties attached to those violations.

8          54.    Plaintiff and the putative class members also request relief as described below.

9                          **SIXTH CAUSE OF ACTION**

10                     **(Violation Of The UCL – State Law Violations)**

11         55.    The preceding paragraphs of this Complaint are realleged and incorporated by
12   reference.

13         56.     California Business & Professions Code §§ 17200, *et seq.*, prohibit unfair competition
14   in the form of any unlawful, unfair, deceptive, or fraudulent business act or practice.

15         57.    Beginning at an exact date unknown to Plaintiff, but as long as four (4) years before
16   this Complaint was filed and continuing to the present, Defendant has committed unlawful acts and
17   practices as defined by Business & Professions Code §§ 17200, *et seq.* Defendant has had a  policy
18   and practice of engaging in unlawful and unfair business practices including, but not limited to,
19   violations of Labor Code § 90.5(a), which articulates the public policy of this State to vigorously
20   enforce minimum labor standards, and Labor Code §§ 201, 203, 226, 226.7, 510, 512, 515, 1194 and
21   the applicable IWC Wage Order.

22         58.    The violations of those laws and the acts and practices described in this Complaint
23   constitute unlawful, unfair, deceptive and fraudulent business acts and practices and unfair
24   competition within the meaning of Business & Professions Code §§ 17200, *et seq.*

25         59.    As a direct and proximate result of those acts and practices, Defendant has received and
26   continues to hold as ill-gotten gains money and property belonging to Plaintiff and the class, in that
27   Defendant has profited in those amounts from its unlawful practices.

28

**CLASS ACTION COMPLAINT**

60.     Business & Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of unfair competition and order restitution by Defendant to Plaintiff and the putative class for the practices alleged in this Complaint.   Plaintiff and putative class members are entitled under Business & Professions Code §§ 17203 and 17208 to restitution and restoration of all wages unlawfully withheld during the period from four (4) years before this Complaint was filed up through the present and until the violations have been corrected.   Plaintiff will, upon leave of the Court, amend this Complaint to state those amounts when they are ascertained.

61.     Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of the proposed class as well as on behalf of himself and the general public.   Plaintiff seeks and is entitled to restitution and restoration of all allowable sums owed for the violations described above, including unpaid wages and premium pay, premium pay for missed meal periods and rest breaks, declaratory and injunctive relief, interest, attorneys' fees, and costs, and any other remedy owing to Plaintiff and all others similarly situated.

62.     Injunctive relief is necessary and appropriate to prevent Defendant from repeating or continuing its wrongful business practices alleged above.

63.     In order to prevent Defendant from profiting and benefiting from its wrongful and illegal policies and practices, an order requiring Defendant to restore to Plaintiff and the putative class all monies and property unlawfully gained through Defendant's unlawful practices is appropriate and necessary.

64.     Plaintiff takes upon himself enforcement of these laws and lawful claims.   There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.   Therefore, an award of attorneys' fees is appropriate under California Code of Civil Procedure § 1021.5.

65.     Plaintiff and the putative class members also request relief as described below.

///

13

CLASS ACTION COMPLAINT

**SEVENTH CAUSE OF ACTION**

**(Failure to Pay Wages Upon Termination – Subclass)**

66.   The preceding paragraphs of this Complaint are realleged and incorporated by reference.

67.   Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay those wages within the time specified by Labor Code §§ 201 or 202, the employer must continue to pay the subject employees' wages day-by-day, weekends included, until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

68.   Defendant unfairly and unlawfully has had a policy and practice of failing to pay Plaintiff and the Subclass all wages earned in their employment on regular paydays and when due as required by Labor Code §§ 201 and 202.

69.   Plaintiff and all other Subclass members who ceased employment with Defendant are entitled to unpaid compensation but thus far have not received that compensation.

70.   More than 30 days have passed since Plaintiff and certain Subclass members left Defendant's employ.

71.   As a consequence of Defendant's willful failure to compensate Plaintiff and Subclass members timely for all hours worked, Plaintiff and Subclass members whose employment ended at any time the during the period dating three (3) years from the filing of this Complaint up through the present and until compliance with the law, are entitled to up to 30 days' wages under Labor Code § 203, together with interest.

72.   Plaintiff and the putative class members also request relief as described below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.   For an order certifying this action as a class action;

b.   For disgorgement of profits and restitution and restoration of all costs incurred, sums or property unlawfully withheld and/or losses caused by the policies and practices of failing to pay wages, including minimum wages and premium pay, at the proper rates

14

CLASS ACTION COMPLAINT

1   for all hours worked and for failing to provide proper meal periods and authorize and

2   permit rest breaks, and failure to pay all wages due and owing in violation of Business

3   and Professions Code §§ 17200, *et seq.*;

4   c.   For compensatory damages in amounts according to proof at time of trial representing

5   the amount of unpaid wages, including unpaid wages (including minimum wages) and

6   premium pay owed to Plaintiff and the class members for the policy and practice of

7   failing to pay all wages due and owing, as well as liquidated damages as appropriate,

8   during the applicable limitations period preceding the filing of the Complaint and up to

9   and including the present and until the date of compliance with the law;

10   d.   For compensatory damages in amounts according to proof at time of trial representing

11   the amount of unpaid compensation owed to Plaintiff and the class members for missed

12   meal periods and rest breaks due and owing during the applicable limitations period

13   preceding the filing of the Complaint and up to and including the present and until the

14   date of compliance with the law;

15   e.   For compensatory damages to Plaintiff and the class members in an amount according

16   to proof at time of trial for the policy and practice of failing to provide accurate,

17   itemized wage statements during the applicable limitations period preceding the filing

18   of the Complaint and up to and including the present and until the date of compliance

19   with the law;

20   f.   For the statutory amounts provided by Labor Code § 226(e) for the applicable

21   limitations period preceding the filing of the Complaint and up to and including the

22   present and until the date of compliance with the law;

23   g.   For waiting time penalties as provided by Labor Code § 203;

24   h.   For declaratory and injunctive relief to prevent further violations of law as described in

25   this Complaint;

26   i.   For reasonable attorneys' fees and costs as allowed by Labor Code §§ 226(e), 226(g),

27   1194(a), and Code of Civil Procedure § 1021.5;

28   j.   For all interest as required by Labor Code § 218.6 and other applicable law;

15

CLASS ACTION COMPLAINT

k.     For all costs of this suit as allowed by law, including Labor Code §§ 226(e), 226(g), and 1194;

l.     For such other and further relief as the Court may deem proper; and

m.     Plaintiffs' individual claims are less than $75,000 each and the claims of Plaintiff the proposed class and Subclass are collectively less than $5,000,000, inclusive of damages, penalties, interest, attorneys' fees and costs.

Dated: July 20, 2012             **KELLER GROVER LLP**

By: _____
ERIC A. GROVER
JADE BUTMAN
Attorneys for Plaintiff and the Proposed Class

16

CLASS ACTION COMPLAINT

1
2                        **JURY TRIAL DEMAND**
3        Plaintiff demands a trial by jury as to all issues so triable.
4
5   Dated: July 20, 2012                **KELLER GROVER LLP**
6
7                                    By:
8                                        ERIC A. GROVER
9                                        JADE BUTMAN
                                         Attorneys for Plaintiff and the Proposed Class
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                    17

**CLASS ACTION COMPLAINT**

# EXHIBIT 2

ENDORSED
FILED
ALAMEDA COUNTY

AUG 2 3 2012

CLERK OF THE SUPERIOR COURT
By Dorothy L. Lee, Deputy

1   MORGAN, LEWIS & BOCKIUS LLP
    ERIC MECKLEY, SBN 168181
2   KATHRYN M. NAZARIAN, SBN 259392
    One Market, Spear Street Tower
3   San Francisco, California 94105-1126
    Telephone:  415.442.1000
4   Facsimile:   415.442.1001

5   Attorneys for Defendant
    ARAMARK UNIFORM & CAREER APPAREL, LLC

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF ALAMEDA

10

11  ROBERT SANTIAGO, on behalf of          Case No. RG 12640163
    himself and all others similarly situated,
12  and on behalf of the general public,    **ANSWER OF DEFENDANT ARAMARK**
                                            **UNIFORM & CAREER APPAREL, LLC TO**
13                                          **PLAINTIFF'S UNVERIFIED COMPLAINT**

14              Plaintiffs,

15        v.

16  ARAMARK UNIFORM AND CAREER             Complaint filed:   July 20, 2012
    APPAREL, LLC, and DOES 1 through 10,   Trial Date:         None
17  inclusive,

18              Defendants.

19

20       Defendant ARAMARK Uniform & Career Apparel, LLC ("Defendant") hereby answers

21  the allegations in the unverified Complaint ("Complaint") filed by Plaintiff Robert Santiago

22  ("Plaintiff") as follows:

23                              **GENERAL DENIAL**

24       Pursuant to California Code of Civil Procedure sections 431.30(b) and (d), Defendant

25  generally denies each and every allegation of the Complaint and further denies that Plaintiff or

26  any putative class member has been damaged in the manner or amount alleged, or in any manner

27  or amount whatsoever.

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO

                                         1                    Case No. RG 12640163
              DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DB1/ 70799626 1

**RELIEF SOUGHT**

Defendant denies that Plaintiff or any putative class member is entitled to any type of remedy, relief or damages of any kind, including any of the relief requested in Plaintiff's prayer for relief.

**DEFENSES**

Without conceding that it bears the burden of proof or persuasion as to any one of the following defenses, Defendant asserts the following separate defenses to the allegations set forth in the Complaint.

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

1.      As a separate defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against it.

**SECOND DEFENSE**

**(Lack of Standing)**

2.      As a separate defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the named Plaintiff lacks standing to bring these claims and cannot represent the interests of others as to each of the purported causes of action.

**THIRD DEFENSE**

**(Uncertainty in Class Allegations)**

3.      As a separate defense to the Complaint and to every cause of action alleged therein, Plaintiff's claims, and the claims of each putative member of each purported class as set forth in the Complaint, are barred in whole or in part because the Complaint is uncertain and the purported class definitions are ambiguous and not ascertainable.

**FOURTH DEFENSE**

**(Inadequate Representative)**

4.      As a separate defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to the extent it asserts a class action because

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 70799626.1

2

Case No. RG 12640163

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    Plaintiff is not an adequate representative of the purported class.

2                                **FIFTH DEFENSE**

3                        **(Claims Not Common or Typical)**

4           5.      As a separate defense to the Complaint and to every cause of action alleged

5    therein, Defendant alleges that the claims alleged by the named Plaintiff are neither common to

6    nor typical of those of the class he purports to represent.

7                                **SIXTH DEFENSE**

8                       **(Individual Questions Predominate)**

9           6.      As a separate defense to the Complaint and to every cause of action alleged

10   therein, the types of claims alleged by the named Plaintiff on behalf of himself and the alleged

11   class, the existence of which is expressly denied, are matters in which individual questions

12   predominate and, accordingly, are not appropriate for class treatment.

13                              **SEVENTH DEFENSE**

14                                **(Superiority)**

15          7.      As a separate defense to the Complaint and to every cause of action alleged

16   therein, Defendant alleges that a class claim under California Business and Professions Code

17   section 17200 is not maintainable for, among other reasons, failure to satisfy the requirement of

18   superiority.

19                               **EIGHTH DEFENSE**

20                       **(Certification Unconstitutional)**

21          8.      As a separate defense to the Complaint and to every cause of action alleged

22   therein, Defendant alleges that certification of a class would constitute a denial of its due process

23   rights in violation of the Fourteenth Amendment to the United States Constitution and the

24   California Constitution.

25                               **NINTH DEFENSE**

26                        **(Adequate Remedy at Law)**

27          9.      As a separate defense to the Complaint and to every cause of action alleged

28   therein, Defendant alleges that Plaintiff's cause of action and that of the purported class brought

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 70799626.1

3                                                    Case No. RG 12640163

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    pursuant to California Business and Professions Code Section 17200 are barred in light of the fact

2    that Plaintiff and putative members of the purported class have an adequate remedy at law.

3                                        **TENTH DEFENSE**

4                                   **(Statutes of Limitation)**

5             10.    As a separate defense to the Complaint and to every cause of action alleged

6    therein, Defendant alleges that Plaintiff's claims and the claims of each putative member of the

7    purported class are barred in whole or in part by the applicable statutes of limitations, including,

8    but not limited to, California Code of Civil Procedure sections 337, 338(a), 339, 340(a), 343,

9    California Business and Professions Code section 17208, 29 United States Code sections 160(b)

10   and 185(a); *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983).

11                                      **ELEVENTH DEFENSE**

12         **(Failure to Exhaust Internal, Administrative and Collectively Bargained**

13                              **Remedies/Preconditions)**

14           11.    As a separate defense to the Complaint and to every cause of action alleged

15   therein, Defendant alleges that Plaintiff's claims and the claims of each putative member of the

16   purported class are barred to the extent they failed to exhaust their internal and/or administrative

17   remedies or pre-filing obligations and/or labor-management collectively bargained grievance and

18   arbitration procedures and remedies pursuant to the collective bargaining agreement(s) between

19   Defendant and the union(s) representing Plaintiff and each putative member of the purported

20   class.

21                                      **TWELFTH DEFENSE**

22                                        **(Estoppel)**

23           12.    As a separate defense to the Complaint and to every cause of action alleged

24   therein, Defendant alleges that Plaintiff's Complaint is barred in whole or in part by the doctrine

25   of estoppel.

26                                    **THIRTEENTH DEFENSE**

27                          **(*Res Judicata*/Collateral Estoppel)**

28           13.    As a separate defense to the Complaint and to every cause of action alleged

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                                       4                          Case No. RG 12640163

DB1/ 70799626.1            DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    therein, Plaintiff's claims and/or the claims of the purported class members are barred in whole or

2    in part by the doctrines of *res judicata* and/or collateral estoppel.

### FOURTEENTH DEFENSE

### (Waiver of Claims)

5        14.    As a separate defense to the Complaint and to every cause of action alleged

6    therein, Defendant alleges that Plaintiff's claims and the claims of each putative member of the

7    purported class, or some of them, are barred in whole or in part because such claims have been

8    waived, discharged and/or abandoned.

### FIFTEENTH DEFENSE

### (Accord and Satisfaction)

11        15.    As a separate defense to the Complaint and to every cause of action alleged

12    therein, Defendant alleges that Plaintiff's claims and the claims of each putative member of the

13    purported class, or some of them, are barred in whole or in part by the principles of accord and

14    satisfaction, and payment.

### SIXTEENTH DEFENSE

### (Release)

17        16.    As a separate defense to the Complaint and to every cause of action alleged

18    therein, Defendant alleges that Plaintiff's claims and the claims of each putative member of the

19    purported class, or some of them, are barred in whole or in part because said claims have been

20    released by the individual(s) in question.

### SEVENTEENTH DEFENSE

### (Laches)

23        17.    As a separate defense to the Complaint and to every cause of action alleged

24    therein, Defendant alleges that Plaintiff's claims and the claims of each putative member of the

25    purported class are barred in whole or in part by the doctrine of laches.

### EIGHTEENTH DEFENSE

### (Unclean Hands)

28        18.    As a separate defense to the Complaint and to every cause of action alleged

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. RG 12640163

DB1/ 70799626.1     DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

therein, Defendant alleges that Plaintiff's claims and the claims of each putative member of the

purported class, or some of them, are barred in whole or in part by their unclean hands and/or

inequitable or wrongful conduct.

### NINETEENTH DEFENSE

### (Avoidable Consequences)

19.    As a separate defense to the Complaint and to every cause of action alleged

therein, the claims of Plaintiff and certain members of the purported class are barred in whole or

in part by the doctrine of avoidable consequences.

### TWENTIETH DEFENSE

### (Excessive Fines)

20.    As a separate defense to the Complaint and to every cause of action alleged

therein, to the extent the claims of the Plaintiff and the class he purports to represent seek to

recover civil penalties that are disproportionate to the actual harm suffered, if any, including but

not limited to civil penalties under Labor Code Sections 203 and 226(e), an award of civil and/or

statutory penalties under the circumstances of this case would constitute an excessive fine and

otherwise would be in violation of Defendant's due process and other rights under the United

States and California Constitutions.

### TWENTY-FIRST DEFENSE

### (Setoff and Recoupment)

21.    As a separate defense to the Complaint and to every cause of action alleged

therein, Defendant alleges that if any damages have been sustained by Plaintiff or by any putative

member(s) of the purported class, although such damage is not admitted and is specifically

denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all

obligations of the Plaintiff and/or putative class members owed to Defendant, against any

judgment that may be entered against Defendant.

### TWENTY-SECOND DEFENSE

### (No Willful Violation)

22.    As a separate defense to the Complaint, Defendant contends that if Defendant is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6                                    Case No. RG 12640163

DB1/ 70799626.1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  found to have failed to pay any amount due to Plaintiff or any putative member of the purported

2  class, which Defendant denies, Defendant acted at all times on the basis of a good faith and

3  reasonable belief in law and in fact that it had complied fully with its obligation to pay Plaintiff or

4  any putative member of the purported class all wages due.  Consequently, Defendant's conduct

5  was not willful within the meaning of Section 203 of the California Labor Code.

### TWENTY-THIRD DEFENSE

### (Waiting Time Penalties)

8       23.      As a separate defense to the Complaint, Defendant alleges that the Complaint fails

9  to state a claim for waiting time penalties under Labor Code Section 203, in that some of the

10  members of the purported class did not resign or were not discharged prior to the filing of this

11  action.

### TWENTY-FOURTH DEFENSE

### (Mitigation)

14       24.      As a separate defense to the Complaint and to every cause of action alleged

15  therein, Defendant alleges that Plaintiff's monetary claims and the claims of the putative

16  members of the purported class are barred in whole or in part because they have not appropriately

17  nor adequately mitigated their alleged damages.

### TWENTY-FIFTH DEFENSE

### (Exemption Pursuant to Labor Code section 514)

20       25.      As a separate defense to the Complaint and to every cause of action alleged

21  therein, Defendant alleges that, at all times mentioned in the Complaint, Plaintiff and each

22  putative member of the purported class were not entitled overtime pay because they were exempt

23  from the requirement to pay overtime under Labor Code section 510 and the Industrial Welfare

24  Commission Wage Order 6-2001, because Labor Code section 514 and Section 3(H) of Wage

25  Order 6 provide for a "collective bargaining exemption" to California's overtime pay

26  requirements.  All of the applicable requirements for application of the section 514 and section

27  3(H) exemption were met here in that Plaintiff and the putative class members were employees at

28  all times covered by a valid collective bargaining agreement that: (1) expressly provided for the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                                                     Case No. RG 12640163

1   wages, hours of work, and working conditions of the employees; (2) provided a regular hourly

2   rate of pay of at least 30 percent more than the state minimum wage; and (3) provided premium

3   wage rates for all overtime hours worked.

### TWENTY-SIXTH DEFENSE

#### (Outside Sales Exemption)

6   26.   As a separate defense to the Complaint and to every cause of action alleged

7   therein, Defendant alleges that, at all times mentioned in the Complaint, Plaintiff and each

8   putative member of the purported class were not entitled overtime pay because they were exempt

9   from the requirement to pay overtime under Labor Code section 510 and the Industrial Welfare

10   Commission Wage Order 6-2001, because they were employed as outside salespersons, and met

11   the requirements for application of the outside sales exemption contained Labor Code section

12   1171, and Wage Order 6-2001.

### TWENTY-SEVENTH DEFENSE

#### (CBA Meal Period Exemption Pursuant to Labor Code section 512)

15   27.   As a separate defense to the Complaint and to every cause of action alleged

16   therein, Defendant alleges that, at all times mentioned in the Complaint, Plaintiff and each

17   putative member of the purported class were not entitled to meal period premium pay because all

18   the criteria for application of Labor Code section 512(e)-(f) were met, which exempts from the

19   meal period requirements certain employees, including "commercial drivers", who are covered by

20   a valid collective bargaining agreement that expressly provides for: (1) the wages, hours of work,

21   and working conditions of employees; (2) meal periods for those employees; (3) final and binding

22   arbitration of disputes concerning application of its meal period provisions; (4) premium wage

23   rates for all overtime hours worked; and (5) a regular hourly rate of pay of at least 30 percent

24   more than the state minimum wage.

### TWENTY-EIGHTH DEFENSE

#### (Motor Carrier Exemption)

27   28.   As a separate defense to the Complaint and to every cause of action alleged

28   therein, Defendant alleges that, at all times mentioned in the Complaint, Plaintiff and each

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 70799626.1

8

Case No. RG 12640163

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   putative member of the purported class were not entitled overtime pay because they were exempt

2   from the requirement to pay overtime under Labor Code section 510 and the Industrial Welfare

3   Commission Wage Order 6-2001 pursuant to the applicable California and federal motor carrier

4   exemption(s).

## TWENTY-NINTH DEFENSE

### (Preemption)

7       29.    As a separate defense to the Complaint and to every cause of action alleged

8   therein, Defendant alleges that Plaintiff's claims and the claims of the putative members of the

9   purported class are preempted by Section 301 of the Labor Management Relations Act, 29 United

10   States Code section 185(a).

## THIRTIETH DEFENSE

### (FAAAA Preemption)

13       30.    As a separate defense to the Complaint and to every cause of action alleged

14   therein, Defendant alleges that Plaintiff's claims and the claims of the putative members of the

15   purported class are preempted by the Federal Aviation Administration Authorization Act

16   ("FAAAA"), *see* 49 United States Code section 14501(c)(1).

## RESERVATION OF RIGHTS

18   Defendant expressly reserves the right to assert such additional defenses that may prove

19   applicable during the course of this litigation.

## PRAYER FOR RELIEF

21   Defendant prays that the Court grant the following relief:

22       1.    That Plaintiff takes nothing by the Complaint;

23       2.    That judgment be entered against Plaintiff and in favor of Defendant;

24       3.    That Defendant be awarded reasonable attorneys' fees incurred by this action

25   pursuant to California Labor Code section 218.5;

26       4.    That Defendant be awarded costs of suit herein; and

27       5.    For such other and further relief as the Court deems just and proper.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

Case No. RG 12640163

DB1/ 70799626.1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Dated:  August 23, 2012

MORGAN, LEWIS & BOCKIUS LLP

By _____
Eric Meckley
Kathryn M. Nazarian
Attorneys for Defendant
ARAMARK UNIFORM & CAREER
APPAREL, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. RG 12640163

DB1/ 70799626.1

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Eric Meckley, State Bar No. 168181<br>Kathryn Nazarian, State Bar No. 259392<br>MORGAN, LEWIS & BOCKIUS LLP<br>One Market, Spear Street Tower, San Francisco, CA 94105-1126<br>TELEPHONE NO.: 415.442.1000   FAX NO.: 415.442.1001<br>ATTORNEY FOR *(Name):* Aramark Uniform & Career Apparel, LLC | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>AUG 23 2012<br><br>CLERK OF THE SUPERIOR COURT<br>By Dorothy L. Lee, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1221 Oak Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Alameda County Administration Building

CASE NAME:
SANTIAGO, et al. v. ARAMARK UNIFORM, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>RG12640163 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [✓] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | JUDGE:<br>DEPT: 21 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[✓] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):*
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 23, 2012
Eric Meckley
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov